



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KEVIN AND SHERRYE WEBSTER                                      PLAINTIFFS

VS.                                                    NO. 1:05CV715LTS-RHW

USAA CASUALTY INSURANCE CO.                                   DEFENDANT

## STIPULATION AND PROTECTIVE ORDER

This Stipulation and Protective Order is entered into with reference to the

following:

The parties to this action have served, and may hereafter serve, interrogatories,

requests for production of documents and tangible things, notices of depositions,

subpoenas, and requests for admissions, the responses to which the parties to this action

contend may call for the disclosure of Confidential Information, as defined below.

To facilitate the production of Confidential Information, the parties to this action,

by and through their respective attorneys of record, hereby agree to produce such material

in the manner set forth in this Stipulation and Protective Order,

IT IS THEREFORE STIPULATED by and between the parties hereto, by and

through their respective attorneys of record, that the Court may make and enter its Order

as follows:

### DEFINITIONS

1.      "Information" means (a) responses to any discovery propounded by any

party in this, or in any other, action; (b) testimony, oral statements, or transcripts or

recordings thereof and exhibits thereto; (c) documents and writings; (d) any other form in which discovery or disclosure is made, whether in writing, on electronic, magnetic or digital media, or otherwise; (e) copies, excerpts, extracts, and summaries of the foregoing; and (f) any information contained in any of the foregoing.

2.      "Party" means and includes each plaintiff and each defendant in this action and includes each such Party's predecessors, successors, subsidiaries, corporate affiliates, successors-in-interest and assigns, together with the respective past, present and future officers, directors, agents, representatives and consultants or any or all of them.

3.      "Confidential Information" means Information that is alleged to contain proprietary, trade secret or competitive business Information, the disclosure of which may damage or cause serious harm to the business interests or standing of a Party, its clients, borrowers, customers, any Party hereto or any third Party that outweighs the public interest in disclosure.

4.      "Defendant" means each and every defendant named in this action.

5.      "Summary" means a written description of the Information sufficient to identify its content without disclosing Confidential Information.

## DESIGNATION OF CONFIDENTIAL INFORMATION

6.      Any Party which in good faith claims that Information is Confidential Information, shall designate, in writing or on the stenographic record, the materials containing Confidential Information at or before producing such materials to a Party. The Party designating Information as Confidential Information shall be known as the

Originating Party. Any Information designated as Confidential Information and which is thereafter delivered to a Party shall be subject to the terms of this Stipulation and Protective Order and shall be considered to be stamped "CONFIDENTIAL" by the Originating Party on or before the time of delivery, regardless of whether such designation actually appears on the document or material.

7.       For testimony given in deposition or in other pretrial or trial proceedings, such testimony is presumed to be Confidential Information for 30 days following the conclusion of the deposition or proceeding, during which time the Party or non-party that sponsors, offers, or gives the testimony has the right to designate specific portions of the testimony as "CONFIDENTIAL." Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Confidential Information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL", as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

## CONTESTING A DESIGNATION OF CONFIDENTIAL INFORMATION

8.       Any Party who claims that certain Information is not Confidential shall be known as the "Contesting Party." The Party asserting the Confidential designation shall have the burden of justifying that designation consistent with Mississippi law. However, the challenged Confidential Information shall remain confidential and subject to this

-3-

protective order unless and until a court orders otherwise.

9.    The Contesting Party shall serve the Originating Party with a written

designation of the Information that the Contesting Party deems not to be Confidential.

### INFORMAL RESOLUTION OF DISPUTED DESIGNATIONS

10.    The Originating and Contesting Parties shall meet and confer to resolve any *either in person or by telephone or electronic communication or*

disputed designations of Information as Confidential.

11.    In the event the Originating and Contesting Parties cannot resolve any

disputed designations of confidentiality, either Party may seek a judicial determination of

whether the disputed Information is subject to the provisions of this Stipulation and

Protective Order by filing and serving a motion in compliance with applicable rules.

### AMENDMENT OF CONFIDENTIAL INFORMATION

12.    The Parties may amend any designation of Confidential Information

produced by Originating Parties by written stipulation.

### USE OF CONFIDENTIAL INFORMATION

13.    Information designated as Confidential Information shall not be disclosed,

disseminated, discussed or otherwise published in whole or in part, directly or indirectly.

by any manner, method, or means whatsoever to any person, firm, or entity except as

provided herein. Confidential Information may not be used for any purpose whatsoever

except the prosecution, defense or settlement of this action.

14.    Any Party, person, firm or entity who receives, directly or indirectly,

materials relating to, reflecting or containing Confidential Information shall not disclose

such information to anyone who is not subject to the provisions of this Order.

## FILING OF CONFIDENTIAL INFORMATION

15.     All Confidential Information and all transcripts, depositions, exhibits, interrogatory answers, pleadings, or other document which contain, produce or paraphrase Confidential Information shall not be filed except pursuant to applicable rules.

## DISCLOSURE OF CONFIDENTIAL INFORMATION

16.     Confidential Information may be disclosed only to the following:

A.     The Parties;

B.     Attorneys for the Parties, including in-house counsel, and such other attorneys who may enter an appearance in this action;

C.     Secretaries, paralegal, legal assistants, and other personnel regularly employed by attorneys in this action;

D.     Any former, present or future director, officer or employee of a Party or its liability insurance carriers in this action to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action;

E.     Witnesses and consultants, and their agents or employees, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action and subject to the requirements of this Protective Order;

F.     Mediator or other Alternative Dispute Resolution provider

-5-

designated by the parties to facilitate settlement discussions in this action;

G.     Stenographic or court reporters involved in the memorialization or transcription of testimony in this action; and

H.     Other professional vendors providing litigation support services (e.g. photocopying; videotaping; preparing exhibits or demonstrations, organizing; storing or retrieving data in any form or medium; etc.) and their employees and subcontractors.

17.     The persons identified above are prohibited from disclosing any Confidential Information except as provided herein, or except as otherwise agreed upon by the Originating Party, or except as permitted by order of this Court, or as ordered by any other court of competent jurisdiction, or as required by a subpoena; provided, however, that a Party or recipient of Confidential Information who intends to produce any Confidential Information in response to a court order or subpoena shall, before producing such Information, give all Parties such notice as is reasonably practicable of the intention to do so. If a Protective Order cannot be obtained, and a Party or recipient of Confidential Information is compelled by court order to disclose it, that person or entity shall disclose only that portion of the Confidential Information that is required to be disclosed.

18.     Witnesses, consultants, and experts to whom Confidential Information is to be disclosed, shall first be required to read a copy of this Protective Order and affirm in writing by signing the Confidentiality Agreement (attached hereto as Exhibit A) that they (a) have read this Protective Order; (b) understand all of its terms; (c) consent to be bound

by its terms; and (d) certify that they will not use any Confidential Information for any

purpose other than the prosecution or defense of this case including, without limitation,

advising or providing services to any business competitors of a Party. The Party making

the disclosure of the Confidential Information to such persons shall be responsible for

assuring compliance with this provision and maintaining copies of all acknowledgments

signed by persons receiving Confidential Information. Any acknowledgment signed by a

person who has been designated by a Party as a witness shall be available for inspection

by counsel for all Parties once the witness is disclosed.

19.     In the event Confidential Information is disclosed to a deposition witness

who has not complied with the provisions of this Protective Order, the transcript of any

such deposition shall be designated as Confidential and the use of such transcript will be

governed by this Protective Order, *s object to contest by either party.* *Cen*

## INADVERTENT PRODUCTION

20.     Within sixty (60) days of mailing any Confidential Information that was

inadvertently produced, any Originating Party may request the return of any inadvertently

produced Information, including but not limited to (i) any Information a Party or

non-Party to this action claims is protected from disclosure by the attorney-client

privilege or work-product doctrine; and (ii) any Information a Party or non-Party

inadvertently fails to designate as Confidential Information. Any inadvertent production

will be subject to *applicable + Federal* Mississippi law and ~~will not be construed as a waiver of the~~

*the effect of such disclosure will be governed by the applicable rules + laws as determined by the court.*

attorney-client privilege or work product doctrine or the confidentiality of such Information, and, upon request for the return of inadvertently produced Information, such Information shall be subject to this Protective Order as if it had been designated as Confidential Information.

21.    A request for the return of inadvertently produced Information shall identify the Information inadvertently produced and the basis for withholding such Information from production. Within 15 days after receipt of such a request, each Party who received the Information shall either return each copy to the person making the request, or give written notice of its intent to seek a ruling from the Court as to whether such Information must be returned. Each Party who received the Information and is not seeking a ruling shall locate and return to the Originating Party all copies of the inadvertently produced Information, including those that may have been distributed by said Party to any other person, firm or entity prior to receiving the request for return of the inadvertently produced Information.  Once a request for return has been received, the Party who received the inadvertently produced Information may not disseminate it to any person, firm or entity; use the contents of the Information; refer to the Information before the Court or jury; or otherwise act to compromise the privileged nature of the Information in this or any other litigation until otherwise permitted by order of the Court.

22.    Any dispute concerning the return of the inadvertently produced information may be resolved by filing an appropriate motion with the Court. Until the

Court has resolved any such motion, no Party in possession of any Information that is the subject of the dispute shall disseminate or use the Information for any purpose.

## GENERAL PROVISIONS

23.     Nothing in this Stipulation and Protective Order shall be deemed to be a waiver of any Party's right to oppose production of any Information for lack of timeliness, relevance or materiality, or as a communication protected from disclosure by ~~the financial privacy privilege, the attorney-client privilege, attorney work product doctrine~~, or as Information which is not calculated to lead to the discovery of admissible evidence, or on any other ground not addressed in this Stipulation and Protective Order. Nothing herein shall be construed to limit in any way any Party's use of its own Confidential Information.

24.     Upon termination of this action, the Parties and any other person subject to the terms hereof shall within thirty (30) days of a demand by the Originating Party assemble and return all Confidential Information to the Originating Party, including all copies, summaries and abstracts thereof. Alternatively, with permission in writing from the Originating Party, the Parties may destroy some or all of the Confidential Information instead of returning it. Whether the Confidential Information is returned or destroyed, the Parties and any other person subject to the terms hereof shall certify within sixty (60) days of the termination of this action that they have complied with this paragraph.

25.     Upon the request of any Party, and with proper notice to all Parties, the Court may modify or amend this Order.

-9-

26.    The Parties intend that the Information covered by this Order shall be

treated as Confidential even after the resolution of this action. The United States District

Court for the Southern District of Mississippi, ~~or in the event that this action is remanded,~~

~~the Circuit Court of the First Judicial District of _____ County, Mississippi~~ shall retain

jurisdiction to enforce this Order.

THIS THE 30th day of ___MARCH___, 2007.

_____
UNITED STATES MAGISTRATE JUDGE


APPROVED:

_____
CYNTHIA I. MITCHELL    *Charles Merkel*
Attorney for the Plaintiffs

_____
LOUIS B. LANOUX
Attorney for USAA Casualty Insurance Company

-10-

## EXHIBIT A CONFIDENTIALITY AGREEMENT

Case Name:  *Kevin and Sherrye Webster v. USAA Casualty Insurance Company;*

Case Number:  1:05CV715LTS-JMR

1.      I, _____, have read and
understand the Stipulation and Protective Order n (the "Order") in this action, dated
_____, 2006, and agree to be bound by its terms.

2.      As set forth in the Order, I shall use Confidential Information solely for the
purpose of this litigation, and for no other purpose and no other case. I shall not disclose
Confidential Information except as permitted in the Order.

3.      I hereby submit myself to the jurisdiction of the United States District Court
for the Southern District of Mississippi for the enforcement of these agreements and the
Order.

Executed this _____ day of _____, ,2006.


_____

[Signature]


_____

[Type or Print Name]