UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KEVIN WEBSTER and
SHERRYE WEBSTER                                                                   PLAINTIFFS

VERSUS                                                  CIVIL ACTION NO. 1:05CV715-LTS-RHW

USAA CASUALTY INSURANCE COMPANY                                                   DEFENDANT

## ORDER DENYING MOTION TO QUASH

Before the Court is Plaintiffs' [158] Motion to Quash Subpoena Served on Ted Biddy. Plaintiffs retained Ted Biddy as an engineering expert. He has been identified as an expert for purposes of this litigation and submitted an expert's report. Defendant deposed Biddy regarding his expert's report and opinions. Plaintiffs have filed this motion arguing that the information sought in the Defendant's subpoena relate to other clients to whom he owes a duty of confidentiality. Plaintiffs also argue that the subject materials are trial preparation materials and therefore privileged.

Pursuant to Rule 26(a)(2)(B), Biddy is required to disclose any data or other information considered by the witness in forming his opinions. The disclosure requirements of Rule 26 trump any claim of privilege. *See Colindres v. Quietflex Mfg.*, 228 F.R.D. 567, 571 (S.D. Tex. 2005); *Vitalo v. Cabot Corp.*, 212 F.R.D. 478, 479 (E.D. Pa. 2002). Thus, Plaintiffs claim of privilege for trial preparations material is misplaced. *See Am. Fid. Assurance Co. v. Boyer*, 225 F.R.D. 520, 521 (D. S.C. 2004) (requiring disclosure of core attorney work product materials used in preparation of expert report).

Plaintiffs general assertion that the subject information would violate client confidences is equally unavailing. Plaintiffs do not provide the Court with any examples of information that

would constitute a client confidence nor have they identified any such examples in a privilege log.  To the extent that Biddy may have compiled expert reports for other plaintiffs in other cases,  presumably those expert reports and the materials Biddy relied upon would be public information in their respective cases or discoverable in their own right pursuant to Rule 26(a)(2)(B).  Plaintiffs fail to explain how expert reports and the materials used to generate expert reports used in the public forum of litigation for other cases constitute client confidences.

       IT IS THEREFORE ORDERED that Plaintiffs' [158] Motion to Quash is DENIED.

       SO ORDERED, this the 2nd day of April, 2007.

                                                s/ *Robert H. Walker*
                                                UNITED STATES MAGISTRATE JUDGE