UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KEVIN WEBSTER and SHERRYE WEBSTER                           PLAINTIFFS

V.                                         CIVIL ACTION NO.1:05CV715 LTS-RHW

USAA CASUALTY INSURANCE COMPANY                              DEFENDANT

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S
MOTION TO STRIKE EXPERT DESIGNATIONS**

The Court has before it Defendant USAA Casualty Insurance Company's (USAA) Motions To Strike Expert Designations [197][199][201][203].  This motion challenges the admissibility of the testimony of four expert witnesses, Aaron Harris (Harris), Anthony Righellis (Righellis), Rocco Calaci (Calaci), and Ted Biddy (Biddy).

Plaintiffs have retained Harris and Righellis  to testify concerning the cause of the damage to the insured property, i.e. to testify how much of the damage to the property is attributable to wind and to wind-driven debris, covered risks under the USAA policy, versus the damage attributable to flooding, an excluded risk.  Harris is a civil engineer.  Righellis is a civil engineer with specialized training in hydraulics.

Plaintiffs have retained Calaci to testify as a meteorologist concerning the weather conditions that arose during Hurricane Katrina.

Plaintiffs have retained Biddy to estimate the cost of construction for repairs and replacement of the damaged structures. Biddy holds a Bachelor of Science in Civil Engineering from the Georgia Institute of Technology, and he is registered as a Professional Engineer and as a Professional Land Surveyor in Mississippi and in several other states.

All four of these experts have submitted written reports in accordance with the local rules of court.  After reviewing the designations of these experts and the materials related to their designations, I am of the opinion that they are qualified to express opinions under Rule 702 of the Federal Rules of Evidence, subject to the defendant's right of *voir dire* examination.

There is, of course, a great disparity between the opinions that have been expressed by the experts testifying for the two parties to this controversy.  The points USAA has raised in challenging the designation of the plaintiffs' experts will apparently give defense counsel many issues on which to challenge the substance, veracity and accuracy of these experts' testimony.  But these points go to the weight of these experts' testimony and do not, in my opinion, render their testimony inadmissible.

Accordingly, USAA'S Motions To Strike Expert Designations [197][199][201][203] are hereby **DENIED,** subject to USAA's right to *voir dire* examination when Plaintiffs proffer these individuals as experts.

**SO ORDERED** this 23rd day of July, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE