UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KEVIN WEBSTER and SHERRYE WEBSTER**                          **PLAINTIFFS**

**V.**                                    **CIVIL ACTION NO.1:05CV715 LTS-RHW**

**USAA CASUALTY INSURANCE COMPANY**                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER ON
## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
## and
## ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court has before it two partial summary judgment motions. Plaintiffs have presented a motion [194] for partial summary judgment on two issues of damages: 1) the question whether the defendant is liable for replacement cost, as opposed to actual cash value of the insured property at the time of loss, under the terms of its policy, and 2) the extent of the defendant's liability for additional living expenses. Defendant has presented its motion [195] for summary judgment on the issues of its liability for punitive damages and for extracontractual damages.

Both of these motions have been well stated and well briefed. The issues at the heart of these motions, however, involve intensively factual inquiries. Neither of the parties has presented evidence that is sufficient to establish a right to judgment as a matter of law on the issues that have been framed by these motions.

The plaintiffs' motion is based upon the contention that misconduct by the defendant, i.e. the defendant's failure to promptly pay the plaintiffs' claim, prevented the plaintiffs from rebuilding the insured property within the time limits established by the policy. The plaintiffs also assert that the defendant's failure to tender adequate benefits under its coverage for additional living expenses made it impossible for the plaintiffs to live in accordance with their established standard of living during the months after the storm. While it may be that the plaintiffs will ultimately prevail on these issues, the supporting facts necessary to reach the conclusions the plaintiffs are asking the Court to draw are far from being uncontested. Among the many factual issues that have not yet been established as a matter of law is the contention that the plaintiffs' post-storm options were foreclosed by the defendant's conduct with respect to this claim. This is an issue on which the plaintiffs have the burden of proof, and I find that this burden has not yet been met. While the plaintiffs have offered evidence sufficient to create an issue of fact, the evidence is not so convincing as to establish the plaintiffs' right to prevail as a matter of law.

The defendant's motion is also premised on facts that are in dispute.  The question whether the defendant's representatives acted reasonably and in good faith in evaluating and paying the plaintiffs' claim must be measured against standards of reasonable care, and this is a factual inquiry.  While the defendant may ultimately prevail on the issues it presents, these disputed facts will have to be resolved before its right to judgment on these points is established.

In accordance with Mississippi law, this will be a bifurcated trial.  The issues of liability under the insurance contract and the measure of actual damages will be decided before the issue of punitive damages may be considered.  After the close of the evidence the Court will be in a position to make rulings on some of the issues presented in these motions in light of the evidence adduced during the trial.  These decisions will be reflected in the instructions that will ultimately guide the jury's deliberations.  The facts of this case are not so clear cut as to establish any party's right to judgment as a matter of law on the issues framed by these motions.

Accordingly, it is hereby

**ORDERED**

That the motion [194] of the plaintiffs for partial summary judgment is **DENIED**; and

That the motion [195] of the defendant for partial summary judgment is **DENIED**.

**SO ORDERED** this 23rd day of July, 2007.

>                s/ L. T. Senter, Jr.
>                L. T. SENTER, JR.
>                SENIOR JUDGE