UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


KEVIN WEBSTER AND SHERRYE WEBSTER                    PLAINTIFFS

V.                                                   CIVIL ACTION NO. 1:05cv715-LTS-RHW

USAA CASUALTY INSURANCE COMPANY                      DEFENDANT


**ORDER**

There are several motions *in limine* pending in this matter. The Court has received a proposed order from the parties resulting from their respective counsel's attempts to resolve several issues raised in the motions.

The following are shown on the Court's motions report: [225] Defendant's *in limine* request to strike Plaintiffs' late-identified witnesses (filed July 16, 2007, with no response as yet from Plaintiffs); [226] Defendant's motion to strike Plaintiffs' late-designated experts (which is one on which accord has been reached); Defendant's generic [227] motion *in limine* (consisting of 26 sub-parts and in a form unfamiliar to the Court; some of the sub-parts contain argument and legal authority, and others do not; apparently agreement has been reached on all but four of the issues but, again, Plaintiffs have not responded); [232] Defendant's motion for pre-voir dire juror questionnaires and expanded venire (ruled upon at the pre-trial conference; no formal order has been entered); and [238] Plaintiffs' motion *in limine* aimed at two issues (Defendant's response is due August 27).

The parties, through counsel, have also indicated that they have reached agreement addressing several elements of the trial, including trying the case in phases. The letter making this announcement includes the following paragraph:

> As there is a risk that public disclosure of the contents of the stipulation agreement, particularly the dollar values recited and listing of claimants' personal possessions, could prejudice one or both parties, or unduly sensationalize the trial, it is requested that the Court approve the stipulation agreement but not enter it in the public court record unless it is entered under seal.

While counsel's efforts are certainly appreciated, it is ultimately the Court's responsibility to conduct the trial in this cause of action. After considering the submitted material, the Court is of a different view as to how to proceed.

The Court's preference is that the parties and their counsel appear on the scheduled trial date (September 17, 2007) ready to try their case. Modification of the proposed pre-trial order

would be a waste of valuable time and other resources. The Court will go ahead and enter the pre-trial order submitted by the parties, as supplemented by this Order. Of course, nothing prevents the parties and their counsel from conducting themselves in a manner consistent with the stipulations and agreements they have reached already. Indeed, this is encouraged. As to those issues on which there is not agreement, the Court will rule on objections as they are raised at trial.

Finally, the Court has grave reservations about sealing material. This has almost become a commonplace request in Hurricane Katrina insurance litigation, when there is really nothing "sensationalized" involved. The Court will reserve the ability to try this cause of action in phases as the circumstances warrant and with counsel's input.

Accordingly, **IT IS ORDERED**:

Defendant's Motions [225] [226] [227] *in limine* are **DENIED**, **WITHOUT PREJUDICE** to objections being made contemporaneously at the appropriate time at trial.

Defendant's [232] Motion for Pre-Voir Dire Juror Questionnaires and Expanded Venire is **DENIED**, the Court having already addressed this issue with its own questionnaire and acted consistent with its past practice of summoning a jury, subject to counsel for the parties having the ability to conduct their own voir dire as allowed by the Court.

Defendant shall file a response to Plaintiffs' [238] Motion *in limine* no later than August 29, 2007, if it has not already done so, although the Court may dispose of said motion by an Order similar to this one.

**SO ORDERED** this the 27th day of August, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE