UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KEVIN WEBSTER AND SHERRYE WEBSTER                              PLAINTIFFS

V.                                            CIVIL ACTION NO. 1:05cv715-LTS-RHW

USAA CASUALTY INSURANCE COMPANY                                DEFENDANT

### ORDER

This case is set for trial this upcoming Monday, September 17, 2007. The Plaintiffs and Defendant have submitted objections to various deposition excerpts that may be offered at trial. Counsel have indicated that some have been resolved, and this Order will not address those. Still other objections may not apply until (or if) certain planned phases of the trial are reached. They will receive mention below.

The following Plaintiffs' objections are **SUSTAINED** as to the deposition of Joy Henderson:

All objections, and said testimony (Page 30, line 14 through Page 31, line 13; Page 30, line 14 through Page 34, line 11; Page 36, line 8 through Page 38, line 2; and Page 63, line 6 through Page 65, line 25) may not be used in Phase I of the trial. Further, damages for additional living expenses (ALE) have been stipulated.

The following Defendant's objections are **SUSTAINED** as to the deposition of Joy Henderson:

Page 11, lines 12-14 (confusion of issues).

Page 22, line7 through Page 23, line1 (ALE stipulated and may not be used in Phase I of the trial).

Page 23, line 24 through Page 24, line 6 (same as next above).

Page 30, line 20 through Page 31, line 13 (same; also objected to by Plaintiffs).

Page 32, line 25 through Page 33, line 7 (argumentative).

Page 44, lines 12-17 (confusing).

Page 48, line 23 through Page 49, line 4 (ALE stipulated and may not be used in Phase I

of the trial).

Pages 55 through 62 were not in the depositions provided by the Defendant, so the Court is not in a position to rule on those objections.

The remainder of the Defendant's objections to the deposition of Joy Henderson are **OVERRULED.**

The following Plaintiffs' objection is **SUSTAINED** as to the deposition of Sylvia Ramirez:

Page 46, line 6 through Page 48, line 2 (contents have been stipulated, and may not be used in Phase I of the trial).

All of the Defendant's objections to the deposition of Sylvia Ramirez are **OVERRULED.**

The following Plaintiffs' objection is **SUSTAINED** as to the deposition of Robin Todd:

Page 42, line 9 through Page 43, line 3 (value of contents has been stipulated).

The following Defendant's objections are **SUSTAINED** as to the deposition of Robin Todd:

Page 34, line 23 through Page 35, line 4 (relevancy and confusion).

Page 41, line 4 through Page 42, line 21 (same).

Page 56, line 10 through Page 59, line 16 (any probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury).

Page 62, line 21 through Page 64, line 12 (witness had no involvement in preparation of letter).

The remainder of Defendant's objections to the deposition of Robin Todd are **OVERRULED**, subject to their introduction in the appropriate phase of the trial.

The Court does not have the deposition of Gladys Canais, so the Court is not in a position to rule on Plaintiffs' objections.

The following Plaintiffs' objections as to the deposition of Jorge Medrano are **SUSTAINED**:

Page 15, line 3 through Page 17, line 4 (ALE has been stipulated).

Page 17, line 19 through Page 19, line 21 (relevancy).

The following Defendant's objections to the deposition of Jorge Medrano are **SUSTAINED**:

Page 8, line 3 through Page 11, line 24 (relevancy and confusion of the issues).

Page 11, line 25 through Page 13, line 6 (any probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury).

Page 13, line 7 through Page 14, line 12 (relevancy and stipulation as to ALE).

Page 14, line 3 through Page 15, line 2 (any probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury).

The following Plaintiffs' objections as to the deposition of Jim McGowin are **SUSTAINED**:

Page 31, line 12 through Page 33, line 22 (any probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury).

Page 52, line 17 through Page 56, line 15 (sustained as to Phase I but may be relevant in other phases).

Page 66, lines 11 through 23 (same).

The following Defendant's objections to the deposition of Jim McGowin are **SUSTAINED**:

Page 17, line 23 through Page 18, line 1 (speculative as to what an engineer would do).

Page 20, lines 8-10 (speculative as to what someone was feeling).

Page 26, lines 7-10 (same).

Page 53, line 8 through Page 54, line 1 (relevancy).

Page 54, line 2 through Page 55, line 5 (as to Phases II and III; relevancy and confusion).

Page 57, line 1 through Page 59, line 10 (speculative as to why someone else did something).

The remainder of Defendant's objections to the deposition of Jim McGowin are **OVERRULED**.

All of Defendant's objections as to the deposition of Leesa Tomsette (not including those which have been withdrawn) are **OVERRULED**, subject to their introduction in the appropriate phase of the trial.

The following Defendant's objections as to the deposition of Gary Taylor are **SUSTAINED**:

Page 24, line 10 through Page 28, line 16 (ALE stipulated).

Page 111, line 15 through Page 116, line 17 (speculation).

The remainder of Defendant's objections to the deposition of Gary Taylor are **OVERRULED**, subject to their introduction in the appropriate phase of the trial.

The following Defendant's objections as to the deposition of W. Russ Smith are **SUSTAINED**:

Page 8, line 19 through Page 9, line 11 (Plaintiffs may not introduce evidence related to Mississippi Department of Insurance bulletins).

Page 19, line 23 through Page 20, line 6 (ALE stipulated).

Page 21, line 19 through Page 22, line 13 (same).

Page 25, line 2 through Page 29, line 2 (same).

Page 34, line 7 through Page 38, line 8 (Plaintiffs may not introduce evidence related to Mississippi Department of Insurance bulletins).

The remainder of Defendant's objections to the deposition of W. Russ Smith (not including that which has been withdrawn) are **OVERRULED**. As previously indicated in the Order [240] entered August 27, the Court has grave reservations about sealing material, including policies and procedures utilized by the Defendant that are relevant to its handling of the Plaintiffs' claims.

The following Defendant's objection as to the deposition of Glenda Perkins is **SUSTAINED**:

Page 34, line 13 through Page 35, line 5 (payment of witness's claim by another insurance company is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury).

The remaining objection by the Defendant to the deposition of Glenda Perkins is **OVERRULED**.

The Defendant's objection to the deposition of Charles R. Perkins is **OVERRULED**.

The Defendant has served a subpoena on witness Nancy McDonald, and she is expected to testify live at trial. In the event she does not appear, the Court will determine the admissibility of her deposition at trial, in addition to civil contempt proceedings.

**SO ORDERED** this the 13th day of September, 2007.

                                                s/ L. T. Senter, Jr.
                                                L. T. SENTER, JR.
                                                Senior Judge